*J. A. Andrew & Burt*, for the plaintiff.

---

### Ensign B. Rogers *vs.* George H. Sawin.
### Same *vs.* Same.

By the law of Massachusetts, before *St.* 1852, *c.* 144, the mere uninterrupted continuance for more than twenty years of a window with a projecting sill, overlooking the land of another, did not necessarily create any easement of light or air.

Actions of tort for entirely darkening, by building and continuing a wall, an ancient window in a house in Boston, to which the plaintiff alleged the light and air should of right come free and unobstructed.   The answer denied the plaintiff's right.

At the trial in the superior court of Suffolk at January term 1857, before *Huntington*, J., the plaintiff introduced evidence that he held the estate by lease from the owner; that the window in question, which was in the fourth story of the house, had existed uninterruptedly from the year 1829 until the autumn of 1855, free and unobstructed, and then the defendant, in rebuilding his house, built his wall directly against the window in question; that the sill of the window projected over the defendant's land so much that it was cut off by the builders

when the defendant built the wall complained of; and that the title of the two estates had not been in the same person since 1826.

The plaintiff asked the court to instruct the jury that the free and unobstructed use of the window for more than twenty years prior to 1852, without interruption, especially if the sill of the window projected over the defendant's land, constituted an adverse use or enjoyment, the title of the two estates having been in different persons during that time.

But the court instructed the jury " that the mere open and unobstructed use of the window for light and air for more than twenty years prior to 1852 without interruption, either with or without the existence of the sill and the state of the title, did not necessarily constitute an adverse enjoyment, so as to enable the plaintiff to recover; that the word ' adverse' meant that the plaintiff's use must be under a claim of right, with the knowledge of the owner, and not with his permission; that the plaintiff must have exercised some right, conflicting with that of the defendant, other and farther than the mere ordinary use of the window for the admission of light and air; that the use must work some wrong, or must deprive the defendant of some beneficial right; that the existence of the sill was a fact tending to show that the plaintiff claimed the use of the window ad- versely to the defendant, and proper for the jury to consider with the other evidence in the case; that, in considering the same, they might well take into view the position of the sill and the opportunities the defendant had of knowing of its existence; and, by way of illustration, stated that more weight might per- haps be due to the fact that such a sill existed, if it was near the ground in a frequent passageway and in full view, than if it was very high up in the fourth story of the plaintiff's house and over the defendant's roof."

The jury found a verdict for the defendant, and the plaintiff alleged exceptions.

*J. G. King,* for the plaintiff, cited *Lewis* v. *Price,* 2 Saund. 175, note; *Cross* v. *Lewis,* 2 B. & C. 686; *Moore* v. *Rawson,* 3 B. & C 332; *Tyler* v. *Wilkinson,* 4 Mason, 402; *Hazard* v

32 *

*Robinson*, 3 Mason, 272; *Mahan* v. *Brown*, 13 Wend. 261; *Renshaw* v. *Bean*, 18 Ad. & El. N. R. 112; *Banks* v. *American Tract Society*, 4 Sandf. Ch. 464; *Robeson* v. *Pittenger*, 1 Green Ch. 57; *Manier* v. *Myers*, 4 B. Monr. 520; *McCready* v. *Thomson*, Dudley (S. C.) 131; *Gerber* v. *Grabel*, 16 Ill. 217; *Atkins* v. *Chilson*, 8 Met. 403; *St*. 1824, *c*. 52; Rev. Sts. *c*. 60, § 27, & commissioners' note; *St*. 1852, *c*. 144.

*E. D. Sohier*, for the defendant, cited 3 Kent Com. (6th ed.) 448; *Bury* v. *Pope*, Cro. Eliz. 118; *Parker* v. *Foote*, 19 Wend. 309; *Pierre* v. *Fernald*, 26 Maine, 436; *Myers* v. *Gemmel*, 10 Barb. 537; *Napier* v. *Bulwinkle*, 5 Rich. 311; *Ingraham* v. *Hutchinson*, 2 Conn. 584; *Gerber* v. *Grabel*, 16 Ill. 217; *Fifty Associates* v. *Tudor*, 6 Gray, 255; *Sargent* v. *Ballard*, 9 Pick. 251; *Daniel* v. *North*, 11 East, 371.

METCALF, J. It is enacted by *St*. 1852, *c*. 144, that " no person, who has erected or may erect any house or other building near the land of any other person, with windows overlooking such land of such other person, shall by mere continuance of such windows acquire any easements of light or air, so as to prevent such other person, and those claiming under him, from erecting any building on such land." The question in the present cases has, by this statute, ceased to be of practical importance in any future case. We shall therefore omit such a discussion of that question, as we might otherwise have deemed advisable.

By the English common law, as shown by the authorities cited by Mr. King, the open and uninterrupted use, by the plaintiff, of the window in question, for more than twenty years before the *St*. of 1852 took effect, constituted, or was at least *prima facie* evidence of, such an adverse possession and use thereof, as entitled him to an easement of light and air, and to an action for an interruption of such easement by the defendant; and this, upon the ground that such uninterrupted use and possession would warrant, if not require, a jury to find a grant from the defendant, or from those under whom he claims, of a right to such possession and use. Is this the common law of Massachusetts? We think not, and for the reasons given in the

American decisions cited by Mr. Sohier, and the additional case of *Cherry* v. *Stein*, 11 Maryland, 23. The case of *Pierre* v. *Fernald*, 26 Maine, 436, satisfactorily answers the plaintiff's argument drawn from the Rev. Sts. *c.* 60, §§ 27, 28.

The short grounds of the decisions cited are, 1st. That the making of a window in one's building, on his own land, and overlooking the land of his neighbor, is no encroachment on his neighbor's rights, and therefore cannot be regarded as adverse to him : 2d. That the English doctrine is not applicable to the state of things in this country, and would, if applied, work mischievous consequences in our cities and villages. And we may add, that even by the English law, before *St.* 2 & 3 W. 4, *c.* 71, was passed, the defendant might lawfully have done in the city of London what he has done in Boston. *Hughes* v. *Keeme*, Calthrop, 41. *Anon.* Com. R. 273. *Truscott* v. *Wardens of Merchant Tailors' Co.* 11 Exch. 855. The plaintiff has no ground of exception to the instructions given to the jury.

*Exceptions overruled.**

---

\* See *Carrig* v. *Dee*, 14 Gray, 583 ; *Radcliff* v. *Mayor &c. of Brooklyn*, 4 Comst. 200 ; *Lampman* v. *Milks*, 21 N. Y. 511 ; *Haverstick* v. *Sipe*, 33 Penn. State R. 368 ; *Webb* v. *Bird*, 10 C. B. N. S. 285, 286, and 8 Jur. N. S. 621